Judge Roane
pronounced the following opinion of the court.
It is the opinion of the court, that there is errpr in the judgment and proceedings of the Superior Court of law in this ; that the decree offered and admitted in evidence, and stated in the first bill of exceptions, being only a copy of a copy, was inadmissible, and ought not to have gone to the jury. On the same ground, of its being a copy of a copy, the deed from Samuel Love and Hugh Stuart, two of the commissioners, to Theodorick Lee, the third commissioner, acting under that decree, if the same was offered in evidence and objected to, ought to have been rejected : and, even to the original of that deed, the other objections taken in the argu-. ment of this case, and particularly the objection, that the bargainee, being an acting commissioner under said decree, could not purchase, appear to the court very important, and worthy of consideration: but, it not clearly appearing by the exceptions, that that copy was offered, and objected to, and admitted in support of the plaintiff’s title, the court refrains from pronouncing any opinion thereon ; and for the further reason, that it is understood that this latter question is now pending before this court, and to be decided, in the appeal from the final decree in the suit of Mary Hall, executrix of Upton Law, and Mary Clarke and others, referred to in the said bill of exceptions.(1)
The court is also of opinion that the Superior Court erred *313 In admitting the record stated in the last bill of exceptions, to go to the jury, “ to prove that the land in dispute had been assigned to the plaintiffthe court thereby undertaking to decide, not the legality and relevancy of that evidence only, but also its weight and effect; although the same may have been legal testimony, tending to prove that fact.
For these reasons, the judgment of the Superior Court is reversed with costs : the verdict of the jury is set aside, and the cause remanded to the Superior Court of law for a new trial to be had therein, according to the principles herein before declared.

 Note. The appeal here mentioned was, afterwards, viz. on the 'lPth of March 1815, dismissed as having beer, improvidently allowed; it appearing, “ that the testator of the appellant was not included in the decree, and that, of consequence, his rights not being affected, he was not aggrieved thereby.”