# CHARLESTON

## HUNTER v. JOHNSON.

### Submitted February 5, 1915.   Decided April 6, 1915.

TRIAL—*Direction of Verdict—Evidence.*

>    The court can not properly direct a verdict against a party where the evidence in the case would support a verdict in his favor if returned by the jury.

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Monroe County.

Action by Carter B. Hunter against A. E. Johnson. Judgment for defendant, and plaintiff brings error.

*Reversed, and new trial awarded.*

*G. A. Rivercomb, R. L. Clark* and *R. Kemp Morton,* for plaintiff in error.

*R. F. Dunlap, John W. Arbuckle* and *Jno. L. Rowan,* for defendant in error.

ROBINSON, PRESIDENT:

This is an action to recover damages for alleged deceit by the defendant in the sale of bank stock to the plaintiff. It is similar to *Lowance* v. *Johnson,* decided here on writ of error at this term, 75 W. Va. 784. In each case the defendant is the same person, some of the same stock is involved, and the facts have much similarity. In the case at hand, after the evidence on behalf of both parties had been introduced, the court directed a verdict for the defendant.

Upon a review of the record we are of opinion that the trial court erred in directing a verdict. The case was one for jury determination under the evidence. The basic question to be determined was whether the plaintiff was deceitfully induced by the defendant to buy the stock. This was determinable from so many conflicting facts and circumstances, and so dependent in some particulars on the credibility of witnesses testifying before the jury, that the case was peculiarly one for jury finding. From the facts and circumstances proved, and by the drawing of reasonable inferences, the jury would have been warranted in finding that the defendant wilfully deceived the plaintiff as to the value of the stock, and induced him to buy the same by fraudulent misrepresentation of material facts in relation thereto. In determining this they were the judges whether there was such a difference in the knowledge, experience, and situation of the two parties as to enable the one to take advantage of the other unlawfully, whether the plaintiff relied solely on the defendant's representations, and whether ordinary prudence required the plaintiff to rest the truth of the representations made to him. They were the judges of other questions arising on the evidence.

We do not say that the jury should have found for the plaintiff. We can not constitute ourselves jurors—triers of pure fact. What we mean is that under the law the evidence would have supported a verdict for the plaintiff if the case had been properly submitted to the jury and they had found one in his favor. Where the evidence is such that it would support a verdict for a party if one was found by the jury for him, the trial court can not direct a verdict for the opposite party, though a verdict returned by the jury for the

latter might have standing under the evidence. "The court should never interfere in doubtful cases of fact, dependent on the credibility of witnesses, and where it would not be justified in setting aside the verdict, it matters not which way may be the finding." *White* v. *Hoster Brewing Co.*, 51 W. Va. 262.

It is argued that because the plaintiff become a director in the bank after the purchase of the stock, he should have discovered the alleged fraud sooner. But how can this avail when he sues within the period of limitation? 14 Amer. & Eng. Enc. of Law, 171.

The defendant's cross-assignments of error are not well taken. The declaration is sufficient, and the evidence complained of was properly admitted.

The court should have submitted the case to the jury, giving them by instructions the well settled rules of law applicable in the premises. For the error of directing a verdict, the judgment must be reversed, the verdict set aside, and a new trial awarded.

*Reversed, and new trial awarded.*