# CHARLESTON.

(No. 5250.)

J. E. BROWN v. I. S. WOODY et al.

Submitted March 10, 1925.   Decided March 17, 1925.

1.  LANDLORD AND TENANT—*Right of Seller Under Conditional Sale
    Contract to Retake Player Piano Held Superior to Lien of
    Landlord Having Knowledge of Conditional Sale.*

    Where a conditional sale is made of a player piano, which is
    placed by the buyer in rented premises, and the landlord has
    had actual notice of the terms of the sale, that the title has
    been retained by the vendor until the purchase price has been
    paid, with right to retake possession upon failure to pay any
    of the installments of purchase money, all before the piano
    is moved into the leased premises; the right of the vendor
    to retake the piano upon default in payment, is superior to
    the landlord's lien for rent.  Actual notice to the landlord of
    the terms of the conditional sale contract is as effective as
    constructive notice by recordation.  (p. 513).

    (Landlord and Tenant, 36 C. J. § 1491 [1926 Anno.])

2.  SAME—*On Conflicting Evidence, Instruction to Find for Either
    Litigant Is Error.*

    Where there is a sharp conflict in the evidence on a con-
    trolling question of fact, it is error to instruct the jury to
    find for either of the litigants.  (p. 517).

    (Trial, 38 Cyc. p. 1568.)

    (NOTE:—Parenthetical references by Editors. C. J.—Cyc. Not part
        of syllabi.)

Error to Circuit Court, McDowell County.

Distress proceedings by J. E. Brown against I. S. Woody,
in which the Manley Piano Company petitioned for trial of
right to certain property. Judgment of circuit court, to which
case was appealed, was for plaintiff, and the Manley Piano
Company brings error.

*Reversed; verdict set aside; new trial awarded.*

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.
*Partlow & Christie,* for defendant in error.

LIVELY, PRESIDENT:

This writ of error involves a controversy between landlord and a vendor who has reserved title to personal property, as to which has precedence in the assertion of his claim, the personal property having been placed on the landlord's premises with his tenant. The landlord asserts that his lien for rent is superior to the claim of the vendor who has title under a conditional sale contract. The property involved is an automatic player-piano. Originally it was sold by the Manley Piano Company to Jones, a tenant of J. E. Brown, the landlord, and was placed by the tenant in a restaurant in a building owned by Brown, in Keystone, West Virginia. Jones failed in the business, and the piano was redelivered to the vendor, the piano company. Subsequent to its removal, I. S. Woody, who had been employed as a cook by Jones in the restaurant, conceived the idea that he could make a success of the restaurant and rented the same room for that purpose from Brown. He desired to purchase the piano from the piano company and approached its manager for that purpose. The piano was sold to him under a conditional sale contract for the sum of $970.00 to be paid in monthly payments of $54.00, the title being retained by the vendor until the purchase price was paid, with power to repossess the piano upon failure of any of the monthly payments, and in case the piano was so repossessed by the vendor the payments made should be considered as payments for its use. The conditional sale contract was dated the 5th day of February, 1923, but was not recorded. The piano was placed in the restaurant. There is a controversy as to the date on which it was delivered to Woody and placed by him in the landlord's building. The monthly payments were not made, only the sum of $187.00 having been paid to the piano company by Woody. Some time in the latter part of the year 1923, the piano company notified Woody that it would repossess the piano under its contract, for failure to pay the monthly payments. When it went to repossess the piano the restaurant was closed, with a notice on the door that the contents had been levied upon by the landlord under a distress warrant. The piano

company filed a petition in the proceeding before the justice of the peace on the distress warrant, asking for a trial of the right of the property. The case was appealed to the circuit court. In the meantime, the piano company gave bond and secured the possession of the piano. Upon the trial in the circuit court, after the evidence was in, the court instructed the jury to return a verdict for the landlord. This writ of error followed

The only question we have is whether or not the court erred in giving the peremptory instruction to find for the landlord.

Under Section 11, Chap. 93, Barnes' Code, 1923, a distress warrant may be levied on any of the tenant's goods found on the landlord's premises. But if the goods, when carried on his premises are subject to a lien which is valid against the tenant's creditors, the interest only of the tenant in the goods is liable to the distraint. Woody had only an equity in the piano at the time it was placed in the restaurant. Under the contract the title did not pass to him until the full purchase price was paid. Under the conditional sales statute, Sec. 5, Chap. 99-A, Code 1923, every provision in a conditional sale agreement reserving property in the seller is void as to creditors of the buyer, who acquire a lien by attachment or levy upon the property, *without notice of such provision,* before the contract is recorded, unless the contract be recorded within ten days after the conditional sale is made. Under this statute a seller who retains title to property sold is protected against innocent purchasers, and creditors who obtain a lien by attachment or levy thereon, by recording the conditional sale contract within ten days after the sale is made. His contract is void as to them, if they do not have notice, if he does not record before the lien attaches or the purchase is made. The only purpose of recording the agreement is to give notice to purchasers and creditors that the possessor of the property does not have title thereto. After recordation within ten days after such sale, the statute says that every creditor who has obtained a lien by attachment or levy, and every purchaser, has had constructive notice that the seller has superior title with right to repossess the

property upon breach of the sales conditions. Actual notice is as potent as constructive notice; and if a creditor or purchaser with actual notice of the seller's rights seeks to take the property, he is on no higher ground than if he had purchased, or obtained a lien after due recordation of the conditional sale contract. It cannot be questioned that, if the conditional sale contract for the piano had been recorded before the piano was placed by Woody in the landlord's building, the seller's right under the contract would be superior to the landlord's lien for rent. *Thomas* v. *Hubbard & Co.,* 79 W. Va. 138, 90 S. E. 816. The seller's right reserved would in such case be valid against creditors, and the statute says that the landlord's right to distress extends only to the interest of the tenant in such goods covered by a valid lien good as against creditors when the goods are placed on the premises. Actual notice of such lien to the landlord before the property is moved on his premises would serve the same purpose contemplated by its recordation, and would be as effective. Was there actual notice to Brown, the landlord, at or before the time the piano went into his building that the piano company had a conditional sale contract with Woody, the tenant, whereby it retained title to secure the balance of purchase money? Evidently the trial court concluded that Brown, the landlord, had no such notice, or that if he had, it would not affect his lien for one year's rent accruing from the moment the piano was placed in his building, unless the sale contract was recorded within the statutory period of ten days. Charles B. Iller, manager for the piano company, testified that before he delivered possession of the piano to Woody he advised Brown of the terms of the contract of sale. He says he went to Brown to make inquiry about Woody's financial condition and standing, and "explained to him just the conditions the piano was being sold to him on, and asked him if he thought Woody would be financially able to pay this kind of payments and he told me he thought he would." Similar statements were made two or three times in the course of his examination. He also says that the written conditional sale contract was signed by Woody either a day or two before, or a day or two after the piano was delivered.

The contract is dated on February 5, 1923. Whereas, Brown
denies emphatically that Iller told him the terms of the con-
tract at any time; and says that the piano was placed in the
restaurant some time in January, 1923. Counsel for Brown
argue that Iller's testimony should be construed to mean that
he told Brown the contents of the written contract, if he
told him anything about it at all, and as the contract bears
date February 5, 1923, it could not be true that he gave any
notice of its contents before it was formally signed. A con-
tract is formed when the minds of the parties meet. The
writing, if unambiguous, is the indisputable evidence of the
agreement. The date of the writing is not conclusive of the
time when the contract was made. Reliance is placed upon
*Hufford* v. *Akers,* 52 W. Va. 21, wherein Judge McWhorter
says that goods of the tenant are liable to rent whenever
moved on the landlord's premises, "without notice to the
lessor of the interest of the tenant's vendor in the goods by
constructive notice by recordation as required by the statute",
and in the absence of such recordation the goods become
liable for the rent the very moment they reached the prem-
ises. In that case there was no claim that the landlord
had actual notice of the vendor's right under the conditional
sale. And, as above set out, the conditional sales statute since
enacted in 1921, expressly provides that any provision in a
conditional sale reserving property in the seller shall be void
as to creditors and purchasers who *without notice of such pro-
vision* obtain liens, or purchase before the contract is recorded
&c. The class of creditors is clearly specified. They must
be such as have acquired liens on the goods by attachment or
levy, and they must have acquired such lien without notice
of the fact that the buyer held the goods on conditional sale,
and also prior to the recording of the conditional sale con-
tract. Uniform Laws, Anno. Vol. 2-A (Conditional sales)
Sec. 59, page 84. The author says in the section above cited,
"The Uniform Act, therefore, accepts the view most liberal
towards the creditors, and requires merely that the creditor
shall, *without actual or constructive notice* of the contract,
obtain a lien on the goods by way of attachment or levy."
And in Vol. 2, Sec. 5, page 8, the same author says as to

creditors: "It is very generally held that creditors, in order to claim the protection of the statute, must have been without notice of the conditional nature of the buyers' rights at the time when their rights were fixed," citing many recent cases. We cannot see that a landlord would stand on higher ground than an attaching or levying creditor. His lien attaches to the property the moment it is moved on the leased premises, but if it be subject to a prior lien which is good as against creditors, the interest of the lessee or tenant therein only is subject to his distraint for rent. In *Snyder* v. *Collins et al.*, 164 N. W. (Iowa) 624, cited by appellant, it was held that the landlord's lien did not take precedence over the claim of the vendor under a conditional sale which was made after the lease of the landlord's premises began, and the goods moved in after the tenant had taken possession of the landlord's premises, even though the landlord had no notice of the reservation of title under the conditional sale, on the theory that the landlord extended no credit to the tenant on the strength of his possession or apparent ownership of the goods. The court had under construction the statutes of that State giving to a landlord his lien for rent, and the statutes regarding conditional sales and their recordation. Our statute designating what property of the tenant may be distrained is somewhat different, as above set out.

We conclude, therefore, that if a landlord has actual notice before property is moved upon his premises that the title to the property which his tenant moves into the leased premises is reserved by his tenant's vendor until the purchase money is paid, the interest only of the tenant in the property is subject to distraint for rent, even though the conditional sale contract has not been recorded. We do not intimate an opinion that Brown had actual notice. Iller asserts that he did have such notice, and Brown asserts that he did not. The fact is one peculiarly for jury determination, and it was error to instruct the jury to find for Brown under this conflicting evidence. *White* v. *Hoster Brewing Company*, 51 W. Va. 259; 41 S. E. 180.

The judgment will be reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*