# CHARLESTON.

FANNY L. PORTER *v.* FRANK STALEY.

(No. 5111)

Submitted April 28, 1925. Decided May 5, 1925.

1. EJECTMENT—*Both Parties Asserting Title From Common Grantor, Plaintiff Not Required to go Back of Common Source.*

   The general rule in ejectment is that where both parties assert title from a common grantor, plaintiff is not required to go back of the common source. (p. 96.)

   (Ejectment, 19 C. J. § 39).

2. ADVERSE POSSESSION—EJECTMENT—*Sufficient for Plaintiff to Show Affirmatively Recoverable Legal Title in Himself; Seizin or Possession Adverse to all for Length of Statutory Time Bar to Real Action, Vests Recoverable Legal Title.*

   In such case, it suffices affirmatively for the plaintiff to show a recoverable legal title in himself for the land in con-

troversy. Seizin or possession of land, adverse to all for the length of time of the statutory bar to real action, vests title in the party so possessed. It makes recoverable legal title. (p. 96.)

(Adverse Possession, 2 C. J. § 552; Ejectment, 19 C. J. § 25).

3. EJECTMENT—*Plaintiff Relying on Deed Describing Exterior Boundaries and Making Exception of Smaller Tract Lying Within Such Bounds Must Locate Such Exception and Show That Defendant's Possession is Not Within Excepted Lands.*

Where a deed offered in evidence in ejectment, on which the plaintiff relies to cover the land described in his declaration, after describing the exterior boundaries of the larger tract, makes an exception of a smaller tract that lies within said bounds, it is incumbent on the plaintiff for a recovery to locate such exception and to show that the defendant's possession is not within such excepted lands. (p. 95.)

(Ejectment, 19 C. J. § 201).

4. SAME—*Determination of Weight of all Evidence is for Jury; If Evidence Conflicts on Controlling Question, Instructing Jury to Find for Either of Litigants is Error.*

It is for the jury to determine the weight of all the evidence in ejectment. Where there is a sharp conflict in the evidence on a controlling question, it is error to instruct the jury to find for either of the litigants. (p. 96.)

(Ejectment, 19 C. J. §§ 278, 280).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Wayne County.

Action by Fanny L. Porter against Frank Staley. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*C. W. Ferguson* and *E. J. Wilcox,* for plaintiff in error.

*Vinson, Thompson, Meek & Renshaw,* for defendant in error.

WOODS, JUDGE:

Fanny L. Porter instituted an action in ejectment to recover ten acres of land from Frank Staley. The defendant interposed a plea of not guilty, and on the issue thereby raised the parties proceeded to trial. In support of her claim the plaintiff offered in evidence a deed from A. R. Thompson

and wife, dated June 2, 1884, and recorded in the office of the county clerk of Wayne County on the 27th day of June, 1884. The description of the land conveyed by this deed is as follows: "All that certain lot or piece of ground situated in the County of Wayne and State of West Virginia being a part of the military 'Savage Grant' and bounded and described as follows, viz: Beginning at a stone, thirty feet (30 ft.) North of the South boundary line of Lot Number Twenty-eight (28) in said military grant and fifty-eight (58) rods East of low water mark on Big Sandy River; thence due West fifty-eight (58) poles to low water mark on said Big Sandy River, thence down said River North sixteen degrees West, twenty-seven perches (26.16° W. 27p) to a post, thence East, sixty-five and one-tenth (65-1/10p) perches to a stone, thence South one degree East, twenty-six perches (S. 1° E. 26p.) to the place of beginning; containing ten acres strict measure. Provided, however, that this conveyance is made subject to certain ferry privileges, excepted and specified in a certain deed executed by Simon D. Morgan to Samuel W. Little, dated the twenty-ninth day of March, eighteen hundred and fifty-six; and subject also to the vested rights of the Chesapeake and Ohio Railway Company. Being the same property which was granted to the said A. R. Thompson by Samuel W. Little and Mary D. Little, his wife, by deed dated the eleventh day of May A. D.. one thousand eight hundred and seventy-one, and recorded in the office for recording of Deeds, &c. in said County of Wayne in Deed Book J, pages 539 & 540." To show a common source of title of the defendant with that under which plaintiff claims, the plaintiff further introduced in evidence a deed from Edwin L. Porter and Fanny L. Porter, nee Morgan (this plaintiff), to John H. Dingee, for a 555 acre tract, from which the ten acre tract, theretofore conveyed by said Thompson and wife to Fanny L. Morgan, as aforesaid, was specifically excepted from the grant. This was followed by the introduction in evidence of a deed from said Dingee to William E. Stokes, dated June 1, 1909, for the said 555 acre tract; a deed for same property from said Stokes to Blair P. Wilson, dated June 2, 1909; a deed from said Wilson to Kenova Land Company, dated August 9, 1909, and a deed from said Kenova Land Com-

pany to Frank Staley, the defendant, dated March 30, 1917, the last mentioned deed conveying a small tract of about 1 and ½ acres lying along the Big Sandy River. This strip of land, about 57 feet wide on the North end and gradually widening out to about 183 feet on the South end, and averaging about 445 feet in length, is the land which the plaintiff claims the defendant withholds from her. The plaintiff to further maintain the issue, introduced as a witness, W. Austin Smith, a surveyor, who had been directed by an order of the Court to go upon the property and do such surveying as either party in interest might require. He testified to the location of the exterior lines of the land of the plaintiff set out in her declaration from the description given in the Thompson deed, and filed an official plat, showing the surveying done by him; and that the total acreage included therein was 11.62 acres, which included 1.74 acres excepted as belonging to the C. & O. Ry. Co., leaving a remainder of 9.88 acres belonging to the Fanny Porter lot. The exception of the said railway company's land was set out by metes and bounds on the official plat, and as there located, does not cover any portion of the land claimed by the defendant. Divers witnesses were introduced, who testified to the plaintiff's possession of the entire boundary of the land described in the declaration, for a period continuous from the date of the plaintiff's deed in 1884, to the time of the institution of this suit. To sustain the issue on his part, the defendant offered C. L. Vickers, a civil engineer, as a witness. He testified to surveying done by him whereby the land described in the declaration was located largely without the land located by the Smith survey, and entirely without the land claimed by the defendant. A blue print showing the result of his surveying was filed with his evidence. Another witness testified to some conversation that he had with William Ferguson, who claimed to be the agent of the plaintiff, about buying the land that was in controversy. The defendant, thereupon renewed a motion that he had made at the conclusion of the plaintiff's evidence, to strike out all the deeds read in evidence to the jury. The court sustained the motion and directed the jury to return a verdict for the defendant, which was done. Judgment was entered on the verdict for the defendant.

The action of the court in striking the Thompson deed from the consideration of the jury, is defended, by counsel for Staley, in their brief, on the ground that the land conveyed therein, is an inclusive boundary, purporting to embrace lands and interest in lands not conveyed. In support of this, the case of *Rock House Fork Land Co.* v. *Gray,* 73 W. Va. 503, is cited. There it was held: ''Where a deed after describing by exterior boundaries the larger tract, and as a further description of the land granted, says, 'containing by actual survey and estimate twelve thousand six hundred and twenty-five (12,625) acres, *exclusive* of all prior sales and grants, and *also excepting* the portion of Archie B. Stover Improvement that lies within these bounds, according to the survey made by John McVey, surveyor,' all such 'prior sales and grants' will be construed as exceptions, to be located and proved as well as such 'Stover Improvement,' and omission to do so by plaintiff claiming under such inclusive deed, and suing to recover lands embraced therein will on demurrer to his evidence be defeated in his action.'' In *Hopkins* v. *Ward,* 6 Munf. 38, it was held that the burden was on the defendant to show that he was within the excepted portion of the grant. This rule was changed by our Court in *Stockton* v. *Morris,* 39 W. Va. 432, which held that this burden was cast on the plaintiff. This doctrine was announced again in the case of *Land Co.* v. *Gray, supra.* The reason for the rule is apparent. For how can the plaintiff meet the rule to show title to the land in possession of the defendant without locating the excepted boundaries and showing that the defendant's possession is not within them? Judge BRANNON puts it in these words: ''If the defendant is on the reserved [or excepted] land, no matter whether he is a squatter without shadow of title or has color of title, he is void of trespass * * * against the plaintiff.'' It is not necessary, however, to negative such exception in the declaration. *Stockton* v. *Morris, supra.* The exception mentioned in the deed, in the instant case, of a ferry privilege, is merely an easement. The plaintiff has brought herself under the rule as to the only grant (that of the C. & O. Ry. Co.) excepted from the operations of the deed. It was located by the surveyor by actual survey and is laid down on the plat in evidence. It is shown to be outside of the land

in controversy. At least a *prima facie* showing is made by the plaintiff to this effect. The court erred in striking the Thompson deed from the jury. The plaintiff relied upon this deed, and possession thereunder for the statutory period. She was not therefore required to show chain of title back to the Commonwealth.

In ejectment it suffices affirmatively for the plaintiff to show a recoverable legal title in himself for the land in controversy. Seizin or possession of land, adverse to all for the length of time of the statutory bar to real action vests title in the party so possessed. It makes recoverable legal title. ·*Riffle* v. *Skinner,* 67 W. Va. 75. The general rule is that where both parties assert title from a common grantor, plaintiff is not required to go back of the common source. *James* v. *Hutchinson,* 73 W. Va. 488; *Winding Gulf Colliery Co.* v. *Campbell,* 72 W. Va. 449; *Carrell* v. *Mitchell,* 37 W. Va. 130; *Low* v. *Settle,* 32 W. Va. 600. To show this common source the deeds introduced by the plaintiff would be proper evidence. Whether the proper foundation was laid for their admission in this instance it is not necessary now to decide. With the Thompson deed in evidence, aside from the other deeds showing a common source of title, did the court err in directing a verdict? The court cannot properly direct a verdict against a party where the evidence in the case would support a verdict in his favor if returned by the jury. *Hunter* v. *Johnson,* 76 W. Va. 154. It is for the jury to determine the weight of all the evidence in ejectment. *Sulphur Mines Co.* v. *Thompson,* 93 Va. 293; *Whitacre* v. *McIlhaney,* 4 Munf. 310. The plaintiff put evidence in the case tending in an appreciable degree to show title under the Thompson deed, possession thereunder for the statutory period, and that the premises described in the declaration include the land in controversy. *Riffle* v. *Skinner, supra; Bowman* v. *Dewing, supra.* The evidence introduced by the defendant served only to make issues of fact on these questions essential to plaintiff's recovery. Where there is a sharp conflict in the evidence on a controlling question, it is error to instruct the jury to find for either of the litigants. *Brown* v. *Woody,* 98 W. Va. 512. As this case must go back for re-trial, we only say that it was a proper case for a jury, and that the court should not have taken it from the jury.

*Reversed and remanded.*