# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## ROACH v. BLAKEY.

### March 23d, 1893.

1. EJECTMENT—*Declaration.*—Where a declaration in ejectment alleges that, on a day certain before bringing the action, plaintiffs were possessed, "each in fee simple absolute, of an undivided share or interest in" the land, and the action "is for the whole land so claimed, and not for any part or parcel" thereof—

HELD:

    The declaration is sufficient, under Code, § 2730.

2. JUDGMENT—*Clerical error.*—A clerical error in entering a judgment against two defendants in the singular number, "defendant," instead of the plural, "defendants"—

HELD:

    Not to affect the validity of the judgment.

3. VERDICT—*Number of jurors.*—The verdict is lawful where the record shows that in open court the parties consented to a trial by eleven instead of twelve jurors.

4. CLERICAL ERRORS.—Any informality in the entry by the clerk must be corrected by the court below, and is no ground for reversal in this court.

Error to judgment of circuit court of Greene county, rendered at its November term, 1890, in an action of ejectment wherein the defendants in error, George E. Blakey and others, were plaintiffs, and Valentine Roach and Polly Ann Roach were defendants. Opinion states the case.

*John E. Roller* and *W. L. Yancey*, for plaintiffs in error:

*James G. Field, F. M. McMullen,* and *A. R. Blakey*, for defendants in error.

LACY, J., delivered the opinion of the court.

The action was ejectment by the defendants in error against the plaintiffs in error. The jury rendered a verdict in favor of the plaintiffs that " they are entitled to the fee simple in the tract of land in the declaration mentioned, and that the defendants are guilty of unlawfully withholding from the plaintiffs the possession of the tract of land in the declaration mentioned." Whereupon the defendants moved the court to set aside the verdict, upon the ground that it is contrary to the law and the evidence; which motion the court overruled, and rendered judgment " that the plaintiff recover of the defendant the possession of the tract of land in the declaration mentioned, and the fee simple therein, and the costs about their suit in this behalf expended." To which action of the court in overruling the motion of the defendants for a new trial the defendants did not except. But the defendant, Valentine Roach, applied for, and obtained a writ of error from one of the judges of this court. The errors assigned in this court are :

First. That the court below erred in overruling the demurrer of the defendants to the declaration of the plaintiffs, because, by section 2730 of the Code of Virginia, it is provided that the plaintiff in ejectment shall state whether he claims in fee or for life, or for the life of another, or for years, specifying such lives or the duration of such term, and when he claims an undivided interest he shall state the same. The declaration itself contains an answer to this assignment. It is therein alleged that heretofore—to-wit, on the 1st day of January, 1870—the said plaintiffs were possessed, each in fee simple absolute, of an undivided share or interest in a certain tract of land, &c., and the suit is for the whole land so claimed, and not for any part or parcel.

The second assignment is that the said Valentine Roach and Polly Ann Roach were jointly sued, whereas the jury were sworn to try the issue joined between the plaintiffs and

Valentine Roach; and, while the verdict was: "We, the jury, on the issue joined, find for the plaintiffs that they are entitled to the fee simple in the tract of land in the declaration mentioned, and that the defendants are guilty of unlawfully withholding from them the possession of the tract of land in the declaration mentioned"—yet the judgment is not against the defendants, but against the defendant, and not in the plural. The entry is: "Therefore it is considered by the court that the plaintiff recover of the defendant the possession of the tract of land in the declaration mentioned, and the fee simple therein, and the costs about their suit in this behalf expended." This appears to be a mere clerical error, which could have been corrected by the trial court upon motion. The judgment evidently refers to the plaintiffs in the plural in the clause giving costs. If the omission of the plural really occurred in the circuit court, it could have been easily corrected, but, as no notice was taken of it in that court, it was probably an omission of the copyist in making the transcript. The pleadings, taken together, show that the suit was by the several plaintiffs against the two defendants. The verdict of the jury was so recorded, and doubtless the judgment was so rendered. The error, if such it may be termed, is merely the omission of a letter by clerical error, and is no ground for reversing the judgment. The clerk could not by accident or design change the pleadings, and there is no order of the court directing a change, and so there was no change made by this mistake of the clerk.

The next assignment of error is that the jury was composed of eleven persons only, but, as the record shows that this was by consent of parties in open court, they cannot now be heard to claim that they were entitled to have twelve persons on the jury. By consent they waived this right, and consented to try the case with a jury of eleven. Any informality in the entry by the clerk must be corrected in the court

below, and is no ground for reversal in this court. Section 3449, Code Va. Nor because the judgment does not appear to be rendered by the number of jurors required by law. *Id.* It is urged in the brief of counsel for the appellant that, because of the rulings of this court in the very recent case of *Blakey* v. *Morris et als.*, this court should reverse the trial court, because of the refusal of that court to set aside the verdict of the jury and grant to the defendants a new trial; but, as there was no exception in the court below to this ruling of the court below on this point, and as no evidence is certified to this court, nor any facts certified, if there be a resemblance in the evidence in this case, we are without the means of discerning it. In the case of *Blakey* v. *Morris et als.* the plaintiffs failed to connect themselves, or their title, with the Oliver patent, or to produce any authority for the alleged action of Oliver's executor. We are not informed by this record whether such was the state of the evidence in this case or not. Upon the whole case, we are of opinion to affirm the judgment appealed from here.

JUDGMENT AFFIRMED.