# CHARLESTON.

Cincinnati Gas Transportation Company *v*. Wilson *et al.*

Submitted February 7, 1911. Decided December 19, 1911.

1. Eminent Domain—*Damages—Taking Less Than Entire Fee.*

Where a company, organized to transport natural gas, proposes to take by condemnation for the use of its pipe lines, and for building telephone and telegraph lines thereon, a right of way or easement, less than the fee, over the lands of another, the owner is entitled to such damages as will justly compensate him not alone for the estate or interest actually taken, but also to damages to the residue, the fee in the whole tract, including therein the fee in that part of the tract covered by such right of way, beyond the peculiar benefits to be derived in respect thereto, from the work to be constructed. Construing section 14, chapter 42, Code 1906, and section 18, chapter 42, Code Suppl. 1909. (p. 159).

2. Trial—*Questions for Jury—Credibility of Witnesses.*

It is proper for the trial court, by instructions to the jury, to tell them that they are the judges of the weight and credibility that should be given the testimony of witnesses, but not what effect, if any, should be given by them thereto. (p. 161).

3. Eminent Domain—*Compensation—Excessive Damages.*

The verdict of the jury, awarding defendant fourteen hundred dollars, for the estate or interest in his land taken by plaintiff, and damages to the residue, is, on the evidence adduced on the trial in this case, tested by the rule of prior decisions governing the same, grossly excessive, and the judgment of the court thereon is set aside and a new trial awarded. (p. 162).

Error to Circuit Court, Wayne County.

Action by the Cincinnati Gas Transportation Company against G. L. Wilson and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Remanded.*

*Simms, Enslow, Fitzpatrick & Baker* and *George J. Mc-Comas,* for plaintiff in error.

*Campbell, Brown & Davis* and *W. W. Marcum,* for defendants in error.

MILLER, JUDGE:

Plaintiff, alleging its right to construct, maintain and operate a pipe line on, through and upon the lands of defendant and others, and to take by condemnation such lands as may reasonably be necessary for the purpose of laying therein suitable pipes and constructing thereon suitable telephone or telegraph lines for the successful and proper operation thereof, declares in its petition its purpose to take, not an absolute fee simple therein, but such an interest in the lands of defendant and others, as under the statute and laws of this state it has the right to take, namely, the right or right of way to lay such pipe lines and to construct such necessary telephone and telegraph lines on and through said lands as may be necessary for the proper conduct · of its business, and to this end to erect poles thereon and to have the right of ingress and egress for the purpose of constructing, maintaining and repairing and otherwise fully operating said pipe lines.

The commissioners reported, that in their opinion seven hundred dollars would be a just compensation to defendant for the interest which the petitioner proposed to take in his land. Their report was excepted to by both parties, and each demanded that the question of compensation to the land owner for the real estate proposed to be taken, as well as damages to the residue thereof, beyond the peculiar benefits which may be derived in respect to such residue from the work to be constructed, be submitted to a jury of twelve free holders; and on the trial the jury impanelled were duly sworn "to well and truly ascertain what will be a just compensation for so much of the real estate as is proposed to be taken by the applicant in this case, as well as for the damages, if any, to the residue of said real estate beyond the peculiar benefits, if any, which will be derived in respect to such residue from the work to be constructed, or from the purposes to which the part to be taken by the applicant is

to be appropriated, and a true verdict render according to the evidence;" the defendant thereby assuming the burden of proof upon the exceptions to the commissioners' report.

On the trial the jury found for defendant damages to the amount of fourteen hundred dollars, and for which the court below gave him judgment.

By objection to the form of the issue and to the oath administered to the jury; by exceptions and objections to certain parts of the evidence of defendants' witnesses, and by instructions proposed to the jury, which were rejected by the court, all preserved to it on the record by sundry bills of exceptions, defendant has presented, as one of the principal questions for decision here, whether under the statute laws and constitution of this state, a land owner whose land is to be condemned for public use, and less than a fee simple is to be taken, is entitled to "damages to the residue of the tract beyond the peculiar benefits to be derived, in respect to such residue from the work to be constructed." It is contended in argument that that provision of our statute, section 14 of chapter 42, Code 1906, giving such damages, is applicable only where a fee simple estate is condemned, and not where less than a fee is taken. This argument is predicated on a comparison of that portion of said section 14, giving such damages, with that portion of section 18 of said chapter, providing that: "When less than a fee is taken, in assessing damages, the commissioners and jury shall take into consideration the actual damage that is done or that may be done to the fee by such construction." It is contended that "damages * * * to the fee" authorized by this statute are limited, by proper construction, to the fee in that portion of the land, in, upon, under or over which the right of way or easement less than a fee is condemned, and that no matter what damages the owner may actually sustain to the residue of his land or the fee in the whole tract, the statute awards him no damages therefor, and that none can lawfully be assessed. This argument is attempted to be further fortified by reference to that provision of said section 14, relating to the manner of assessing damages by commissioners, where the fee simple is to be taken, which rule section 17 of said chapter makes applicable on the trial of an issue before a jury, which is: "Shall ascer-

tain what will be a just compensation to the person entitled thereto for so much thereof as is proposed to be taken, and for damage to the residue of the tract, beyond the peculiar benefits to be derived, in respect to such residue, from the work to be constructed." The argument is, that the rule for assessing damages contained in the provision of said section 18, quoted, differing in language from said section 14, in not providing for first ascertaining a just compensation for the land actually taken, and then damages to the residue less peculiar benefits, impliedly, if not in express terms, limits the damages recoverable when less than a fee is taken to damages to the fee in the land actually covered by the right of way or interest less than the fee, and gives nothing for damages suffered by the owner to the residue. We cannot agree to this construction of the statute.

A preceding and pertinent clause of said section 18, not noticed by counsel for petitioner is: "A * * * company organized for the purpose of transporting * * * natural gas * * * by means of pipes or otherwise, and desiring to construct its pipe lines, may as to all or any part of the real estate sought to be taken for that purpose describe, in its application an estate or interest therein *less than a fee,* and with respect to the same may proceed as in other cases; and upon payment therefor, such estate and interest as is stated and described in the application shall vest in the applicant." Section 18, chapter 42, Code Suppl., 1909. Then follows the clause relied on by plaintiff's counsel. The clause just quoted and by its words, "proceed as in other cases," clearly refers to sections 14 and 18, and to the rule of section 14 for measuring damages; and requires that that rule shall apply and in the same way, when less than a fee is taken as when the fee is condemned, and that damages less special benefits to the residue, including the fee in the tract covered by the right of way or easement actually taken shall also be added. Unless we give these statutes this construction, as counsel for defendant suggest, we would be obliged to declare the statutes void for infraction of that provision of the constitution saying: "Private property shall not be taken or damaged for public use without just compensation."

Not only is this construction required by reason, but author-

ity also justifies it.    Thornton on Oil and Gas, section 361, says: "The courts will presume that it is a damage to land to conduct a pipe line through it, without any evidence of that fact.    In determining the amount of damages, both present and future damages may be recovered.    The measure of damages in the appropriation of a right of way is the actual value of the land appropriated and any injury to the residue." And in Indiana, construing statutes substantially like ours, the Appellate Court says:    "The object, therefore, of the legislature in passing the act we are now considering was to provide landowners a just and adequate compensation for damages incident to the construction of pipe lines, etc., over and across their lands. Such compensation must be measured by the actual damages to the freehold occasioned by such construction, including the land appropriated and occupied, and the relation of the remaining land thereto." *Manufacturers, etc. Co.* v. *Leslie,* 22 Ind. App. 677, 51 N. E. 510.    In Pennsylvania, in an action by a landowner against a gas company, for injuries due to negligence in the operation of a pipe line through his land, it was held that as he was entitled to be compensated for the depreciation in the market value of his farm due to the location, construction and operation of a skillfully and carefully operated pipe line through the same, and that such damages must necessarily have been considered and compensated for in the proceedings for the assessment of such damages, nevertheless, damages caused by negligence in the operation of said pipe line could not be regarded as having been included and compensated for in such prior proceedings, and that plaintiff was entitled to recover therefor, in the absence of evidence that the alleged acts of negligence were consistent with proper construction, and not the result of negligent operation of said pipe line. We are of opinion, therefore, that there was no error in overruling the objection of petitioner to the form of oath administered to the jury, nor in rejecting its instructions numbered one, two, six and twelve; nor in overruling certain objections to the evidence of certain witnesses predicated on a different theory.

Petitioner next complains of the rejection of its instruction number eight.    It proposes to tell the jury in substance, that a witness who only knew defendants' land by having gone over

the proposed right of way once, and was not acquainted with the market value of said land, or of land of similar character in the same neighborhood, was not a competent witness, and that the opinion of any such witness should be disregarded by the jury in arriving at their verdict. By petitioner's instruction number five, given, the court properly instructed the jury on the weight and credibility that should be given by them to the testimony of witnesses, considering their knowledge of the land, its character, quantity, fertility and its relation to the proposed pipe line to be constructed on or under the same, and in the light of the ownership of lands; but by instruction number eight it was proposed to tell the jury that they should wholly disregard, and accord no weight to the opinion of a witness if he had only gone over the right of way proposed to be taken once, and was not acquainted with the market value of lands in the same neighborhood. According to the brief of counsel this instruction was more particularly directed to the evidence of the witness Stender. This witness, though residing some six miles from defendant's land, testified that he did know the market value of this land, that he had dealt in lands all over the state, and though he did not instance any particular sale or sales of land in the same vicinity, yet he had discussed values with others, and had his opinion as to values, based on experience and observation, and of the value of defendant's land, though he had not gone over it all and did not know the exact location of the lines. We think this knowledge qualified him to give his opinion. Its weight and credibility was for the jury, as they were told by said instruction number five. Instruction number eight was therefore properly rejected. *Harman & Crockett* v. *Maddy Bros.*, 57 W. Va. 66, 72.

The next question to be considered is, was the verdict excessive? On the whole evidence before the jury we think it clearly was. The commissioners who had gone upon the land awarded defendant but seven hundred dollars. The highest price put upon the land covered by the proposed right of way, mostly through bottom land, was one hundred dollars per acre. The boundary covered thereby is but 4.38 acres. The aggregate assessed value of the three tracts constituting defendant's farm is $3,570.00. The farm is largely hill land. All witnesses for

defendant, remarkable to say, concurred in their opinion that $2,000.00, would be a just compensation to defendant for the land or interest therein proposed to be taken and damages to the residue, but not one, so far as we see, was able to or did give his opinion, as to the value of the land before as compared with the value thereof after the appropriation of the right of way by the gas company. As was said by this court in *Kay* v. *Glade Creek & R. R. Co.,* 47 W. Va. 479, a witness "may not express his mere naked opinion of the amount of damages caused by the work, but must state his opinion of the value of the land before and after the construction of the railroad, in connection with the facts and circumstances relative to the land flowing from the construction of the railroad." The testimony of all the witnesses in the case violates this rule. This rule, alluded to in the case just cited, and laid down in prior and subsequent decisions, as interpreted in *Morrison* v. *Traction Co.,* 60 W. Va. 441, 446, and *Guyandot Vallye R. Co.* v. *Buskirk,* 57 W. Va. 417, is the test by which damages must be assessed. As these later cases hold, the rule must not be so interpreted as to charge the land owner with benefits common to the public in general, but with special benefits only, accruing to him by the proposed work. This is especially made clear in *Railroad Co.* v. *Buskirk, supra,* where the railroad company was proposing to take the whole of defendant's land, leaving no residue. But with due regard to the rule, as thus interpreted, it seems to us no data were given by any of these witnesses, on which to support their mere naked opinions, that defendant's land would be damaged $2,000.00. These opinions are all there is in the evidence to support the verdict. The jury did not personally view the premises. If they had done so, though their verdict could not stand, on the evidence alone, we might not be warranted in disturbing it. *Railroad Co.* v. *Buskirk, supra,* 430. Viewing the case as presented our conclusion is that the verdict is excessive, and not warranted by the evidence, and that the judgment thereon for this reason ought to be set aside, and a new trial awarded, and it will be so ordered.

*Reversed and Remanded.*