# CHARLESTON.

F. F. Furbee *et als.* v. S. M. Underwood

(No. 6242)

Submitted February 19, 1929.   Decided March 5, 1929.

*I. M. Underwood,* for plaintiffs in error.

*G. W. Farr, W. H. Carter* and *O. C. Carter,* for defendant in error.

Woods, President:

This is an action in ejectment.   The declaration, filed in the circuit court of Tyler county, alleges that the plaintiffs, at the time of instituting suit, "were possessed of an estate in fee simple absolute of a certain tract and parcel of land, situate and being in the district of McElroy, in said county, and lying on the waters of Georges Run, and containing

twenty-five acres," and bounded as follows: "Beginning at a large planted stone with a cross cut on the top thereof, and the letters B. O. cut on the south side thereof, * * * and running thence * * * to a stake," etc. The acreage in question lies to the northwest of the base line just described. A plea of not guilty was filed on behalf of the defendant. The case was heard by the court without a jury, which had been waived. At the termination of plaintiffs' evidence, the defendant's motion to find for him was overruled. On the completion of the evidence the court found for the defendant, and dismissed the plaintiffs' action.

The plaintiffs state in their brief that they claim title to the land sued for "under certain deeds, introduced in evidence, connecting their legal title to the commonwealth." Under such circumstances, it is well established that the plaintiffs must connect themselves by an unbroken chain of title with the commonwealth. *Ronk* v. *Higginbotham;* 54 W. Va. 137; *Bugg* v. *Seay,* 107 Va. 648. Where a perfect chain of paper title back to the commonwealth is introduced, no proof of actual possession at all is required to make out a prima facie title. In case of a break, there must be proof sufficient to satisfy the jury that at least one of the grantors in this chain of deeds had been in possession of the premises. If the defendant has a better or stronger title than the *prima facie* title proved, then he must show it, and, until he does, the *prima facie* title prevails.

Plaintiffs offered in evidence a number of exhibits beginning with a grant from the commonwealth, dated May 8, 1783. However, the strength of their purported chain is challenged. We find no deed from Richard Nichols to Abner Lord. In the latter's deed (1809) to Atkinson, however, appears the recital: "Originally owned by Robert Woods, and others, and sold to Richard Nichols and from said Richard Nichols to Abner Lord." But the plaintiffs introduce no evidence to the effect that Lord was ever in actual possession of the property. "The recitals in an ancient deed relating to the person or persons from whom title was derived are admissible in evidence, but only in connection with other proof of a long-continued and undisputed possession, in ac-

cordance with the right or title claimed." Note, 6 A. L. R. 1437, 1445. See also 3 Wigmore on Evidence (2nd ed.) § 1572. So far as appears from the plaintiffs' evidence, beginning with Lord, the several conveyances under which they claim were executed by strangers to the title, who had no title to convey. "Where a plaintiff relies on documentary proof of title a complete title must be shown; and if a material link be wanting, his documentary proof should be excluded from the jury." *Jinkins* v. *Noel,* 3 Stewart 60. As the plaintiffs did not prove a *prima facie* title, defendant's motion should have been sustained. However, the defendant did not stand on his motion, and proceeded to introduce testimony on his own behalf.

Defendant introduced a complete paper title to the greater part of the land in controversy under a separate and distinct grant from the commonwealth, together with actual possession thereunder. The extent of this title was shown by a dotted line on the official plat. This, under the state of the record, clearly supported a finding in his favor to the extent of the land so claimed. As to the remaining triangular strip, northwest of, and contiguous to, the line claimed under title from the commonwealth, defendant admits it to have been acquired from a common source, but asserts that he has a superior paper title thereto, and introduces evidence of possession for the statutory period. This latter strip is claimed under deeds bearing date of 1857 and 1867, respectively, in which deeds the line indicated by the defendant is recognized, and called for. Plaintiffs claim under later deeds, none of which call for the land in question, except a correction deed made by certain of the heirs of Hoge, the common grantor, in 1917, which assumes that the land claimed to have been conveyed to defendant's immediate grantors was not covered by said deeds, and so not in fact conveyed, and that it was the intent of the deeds to plaintiffs to convey all of Hoge's remaining title in the Yankee Survey. The lower court found for the defendant on this issue, and the same is supported by the record.

The plaintiffs also contend that in any event they were entitled to a verdict in their favor for the fractional part of

an acre, located at the northeast corner of the quadrilateral tract declared on, which was not claimed by the defendant, for the reason that the latter did not formally disclaim as to it. Under our view of the record, as heretofore indicated, the plaintiffs failed to make out a *prima facie* case as to any portion of the tract not admitted by the defendant to have been held under a common source. Consequently, they did not make out a case as to the strip not claimed by the defendant.

Perceiving no prejudicial error in the record, we affirm the judgment.

*Affirmed.*