# CHARLESTON.

ALBERT P. WELTY *et als., Partners, etc.* v. BEN S. BAER, *etc., et al.*

(No. 6321)

Submitted April 9, 1929.     Decided April 16, 1929.

*Nesbitt, Goodwin & Nesbitt,* for defendant.
*Chas. J. Schenck* and *W. C. Grimes,* for plaintiff.

LITZ, JUDGE:

The defendant, Ben S. Baer, obtained this writ to a judgment of the circuit court of Ohio county against him, as surviving partner of the firm of Union Warehouse and Storage Company, composed of himself and his brother, Joseph H. Baer, in favor of the plaintiffs, Albert P. Welty, Elmer Z. Welty, John H. Welty and Elwood Zoeckler, partners, under the firm name of Welty-Buick Motor Company, for $3249.43, in an action of trespass on the case.

During a period before and after the 15th day of January, 1921, the plaintiffs, as tenants of George M. Ford, occupied the first three floors and basement of a five-story brick building, 41 feet by 146 feet, in the city of Wheeling, West Virginia, in the conduct of an automobile business. During the same period, the Union Warehouse and Storage Company occupied the fourth floor of said building, as tenant of the owner, George M. Ford, in operating a general storage business. Due to alleged overloading by the Storage Company of the said fourth floor, on the 15th day of January, 1921, an area thereof 21 feet by 28 feet, and its burden, fell, carrying down with them to the basement, similar areas of the lower floors and numerous items of personal property belonging to the plaintiffs. This action was instituted against Ben S. Baer and George M. Ford to recover for the damages to and loss of the property of the plaintiffs, resulting from the crash, and the expenses of salvaging the articles reclaimed from the debris.

The assignments of error challenge, the action of the trial court in overruling a demurrer to the original and amended declarations, and the sufficiency of the evidence to establish either negligence on the part of the warehousemen or damages to the extent of the verdict.

The basis of the demurrer is alleged misjoinder of defendants. The original and amended declarations allege, substantially, that the crash was due to the negligent overloading of the floor by the tenants, Ben S. Baer and Joseph H. Baer (trading as Union Warehouse and Storage Company), with the authority, consent and connivance of the landlord, George

M. Ford. This is a sufficient charge against the tenants and landlord as joint tort-feasors. *Brunswick, Balke, Collender Co.* v. *Reese,* 69 Wis. 442; 34 N. W. 732; 2 A. S. R., 748. Ford was exonerated.

## ·. THE EVIDENCE OF NEGLIGENCE ON THE PART OF THE WAREHOUSEMEN

It is shown by uncontroverted proof that the sagging of the floor where the crash occurred was evidenced by the buckling and parting of the metal ceiling below for a week or two before the accident. Charles B. Hughes, foreman of the plaintiffs, testifies that he advised E. E. Heatherly, manager for the Storage Company of this situation and that there was too much weight on the floor. The plaintiff, Elwood Zoeckler, who is five feet ten and one-half inches in height, says that the floor where the crash came was packed with sacks of potatoes, boxes of preserves and other articles about as high as he could reach. George T. Digby states that 33,000 pounds of potatoes belonging to him went down with the crash. Henry Elig, who owned the preserves, says there were originally stored a car load containing 900 cases weighing from 75,000 to 85,000 pounds, 80 cases of which had been removed before the accident. Charles B. Hughes, testifies also that only 195 cases were remaining on the fourth floor after the crash. It is also shown that a large quantity of cereals on the fourth floor went down. Peter J. Miller, who, as overseer of the sprinkling system of the building, visited it twice a day, says that the fourth floor was packed with vegetables, groceries and other heavy materials from one end · to the other within two or two and a half feet of the sprinkler system, and that he had observed for two or three weeks prior to the accident a sag in the center of the boxes of preserves where the crash occurred. The defendant, Ben S. Baer, testifies that the preserves weighing 79,000 pounds occupied ·a space on the floor of about 20 feet by 20 feet but that the floor should carry 200 pounds per square foot.

Following are the items of damage claimed by the plaintiffs:

"1. Time account for the time of employees and partners necessarily employed in the working of cleaning up, salvaging, re-inventorying, etc.........$ 988.04

2. Destruction of wooden bins containing Buick and G. M. C. parts...................... 207.00

3. Loss of an electric armature................. 23.63

4. Loss of G. M. C. Truck parts................ 98.85

5. Loss of Buick parts, kept in bins and carried on cards........................................ 466.72

6. Merchandise loss (including Buick parts not carried in bins or on cards) 453.21

7. Shop equipment loss............................... 89.37

8. Water cooler loss......................:............ 10.00

Total........................................$2,337.32."

In the first item, $650.00 is charged for alleged services rendered by the plaintiffs and their office force at the rate of $50.00 each person per week. This, in our opinion, is an exorbitant charge. During the period for which it is made, the plaintiffs and their office force gave their usual service to the chief business of the firm, the sale of automobiles and motor trucks. Besides, the employees of the Storage Company performed considerable service in clearing the wreckage. The building was repaired by the owner.

In view of this situation and the fact that the verdict exceeds even the amount claimed by the plaintiffs with interest from the date of the accident in the sum of $60.62, we are of opinion to reverse the judgment complained of, set aside the verdict of the jury, and award the defendant, Ben S. Baer, a new trial. The trial court should set aside a verdict clearly in excess of the amount which the evidence shows the plaintiff is justly entitled to recover. *Pittsburgh-Wheeling Coal Company* v. *Wheeling Public Service Company*, 106 W. Va. 206, 145 S. E. 272.

*Judgment reversed; verdict set aside; new trial awarded.*