Leslie E. BRYANT, Ernestine F. Bryant, and Nationwide Mutual Fire Insurance Company, Appellants,

v.

SEARS, ROEBUCK & COMPANY, Appellee.

No. 13894.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1970.

Decided Dec. 14, 1970.

Joe N. Patton, Huntington, W. Va. (Levy & Patton, Huntington, W. Va., on the brief), for appellants.

John F. Wood, Jr., Huntington, W. Va. (Jenkins, Schaub & Fenstermaker, Huntington, W. Va., on the brief), for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

BOREMAN, Circuit Judge:

Leslie E. Bryant and Ernestine F. Bryant instituted an action against Sears, Roebuck & Company (hereafter Sears) for recovery of damages to a dwelling house and contents resulting from a fire allegedly caused by defective heating equipment purchased from Sears and/or improper installation of such heating equipment by Sears in said dwelling house. Nationwide Mutual Fire Insurance Company, an insurance carrier which was responsible to the Bryants for a stipulated portion of the loss, was joined as a party plaintiff. The Bryants and Nationwide will sometimes hereafter be collectively referred to as plaintiffs.

In December of 1961, Leslie Bryant purchased from Sears' Ashland, Kentucky, retail store outlet certain furnace equipment, including a gas-fired boiler, upon the recommendation of E. J. Lem-on, manager of the store's plumbing and heating department. The equipment, including the boiler, was assembled when it left the store and was delivered to the Bryants in West Virginia. The amount paid by Mr. Bryant for the equipment was the retail sale price and no charge for installation was included therein. In November of 1964, almost three years after the sale, two individuals, Gene Blevins and William Wellman, presented themselves to Mr. Bryant representing that they had learned from Mr. Lemon that the furnace equipment was then to be installed in the Bryants' home. Blevins and Wellman had done heating unit installation work for the Sears store on other occasions but they were strangers to Mr. Bryant. Lemon testified that he had told Blevins and Wellman to contact Mr. Bryant with respect to installing the furnace; however, he further testified that he was acting as a friend of Mr. Bryant and not as an employee of Sears when he helped arrange for these two men to do the installation work.

Blevins and Wellman completed installation of the equipment and they were paid by Mr. Bryant. Some thirty hours after the completion of the installation, Mr. Bryant awoke to find fire in the house, which fire had originated in the furnace room where the new boiler and a household water heater were located. The damage resulting from the fire was severe. The Bryants alleged that Sears was liable on two theories: (1) breach of implied warranty of merchantability by supplying a defective boiler, and (2) that Blevins and Wellman were agents of Sears and, as such, had negligently installed the boiler.

There was conflicting evidence as to the origin of the fire. There was testimony that the fire had started in the boiler, and other testimony that the fire had originated around the water heater. There was evidence that the boiler did not contain "orifices" which are necessary for proper operation and that the absence thereof had caused the fire. There was evidence that Mr. Bryant had stated that the orifices were removed at

the request of Nationwide after the fire had in fact occurred but there was opinion evidence to show that such removal of the orifices could not have occurred after the fire.

The jury returned a verdict for Sears. The plaintiffs moved to set aside the verdict and to grant a new trial which motions were overruled. The plaintiffs appeal, asserting that the trial court erred: in permitting introduction of improper opinion testimony; in charging the jury "to the effect that the plaintiff could not recover without a finding of fact that particular individuals, Blevins and Wellman, were agents of" Sears; and in failing to instruct the jury to return a verdict for plaintiffs on their claim of liability for breach of implied warranty. We affirm.

Plaintiffs challenge the qualification of one Overby, offered by defendant as an expert witness. Sears offered as evidence of Overby's qualifications the following: (1) He served as Chief of the Lavalette, West Virginia, Volunteer Fire Department for nine and one-half years prior to trial and five years prior to the fire; (2) attended Tri-State Fire School and took a five-day course (three hours each day) on fire prevention, detection and fighting during nine different years; (3) attended a Fire School at Marshall University, taking a course similar to that at the Tri-State Fire School, three different years, the course each year given for five days, four hours per day; (4) took a course at Marshall University on arson detection three different years; (5) participated in a sixteen-week course, one four hour session each week, in fire fighting and related subjects from West Virginia University; and (6) attended classes taught by members of the Huntington, West Virginia, Fire Department.

In determining whether the trial court erred in permitting Overby to testify as an expert and therefore express his opinion as to the origin of the fire, we look to Rule 43(a), Fed.R.Civ. P., which provides, in pertinent part:

"* * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. *In any case, the statute or rule which favors the reception of the evidence governs* and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner." (Emphasis added.)

In this instance, the rule as to the admissibility of expert testimony is the same whether governed by federal or state law. Generally, under federal law, qualification of a witness to testify as an expert lies within the sound discretion of the trial court, and the court's determination as to whether or not a witness is qualified will not be reversed unless there has been a clear abuse of discretion. Scott v. Fancher, 369 F.2d 842, 844 (5 Cir. 1966); Krizak v. W. C. Brooks & Sons, Incorporated, 320 F.2d 37, 42 (4 Cir. 1963). The law is precisely the same in the forum state of West Virginia. Moore, Kelly & Reddish, Inc. v. Shannondale, Inc., 152 W.Va. 549, 165 S.E.2d 113, 124 (1968); Overton v. Fields, 145 W.Va. 797, 809, 117 S.E.2d 598, 607 (1960); Lewis v. Mosorjak, 143 W.Va. 648, 667, 104 S.E.2d 294, 305 (1958); Toppins v. Oshel, 141 W.Va. 152, 167, 89 S.E.2d 359, 367 (1955). As the court stated in *Lewis, supra:*

"Generally if a witness has some qualifications with relation to the matter about which he undertakes to testify he should be permitted to give his opinion." 143 W.Va. 648, 667, 104 S. E.2d 294, 305.

It is clear that Overby has "some qualifications" within the meaning of *Lewis.* We find no abuse of judicial discretion in permitting Overby to testify as an ex-

pert and to state his opinion as to the origin of the fire.

■ Plaintiffs complain that the trial court erred in permitting one Burlen Ellis to testify concerning matters which plaintiffs characterize as "hearsay and matters outside his field of knowledge or training." Plaintiffs admitted Ellis' qualifications as an expert and his testimony does not appear to have gone to matters outside his field of knowledge or training. Furthermore, plaintiffs did not offer any objection at trial to the testimony of Ellis in the particulars of which they now complain. No charge of error may be predicated on the introduction of evidence unless objection thereto is specifically made. Purer & Company v. Aktiebolaget Addo, 410 F.2d 871, 876 (9 Cir. 1969), cert. denied, 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84; Hines v. Prudential Insurance Company of America, 357 F.2d 726 (6 Cir. 1966).

Turning to plaintiffs' allegations concerning jury instructions, we disagree with plaintiffs' claim that the trial court instructed the jury to the effect that the theory of implied warranty would be defeated if the installers were not found to be the agents of Sears. Plaintiffs grounded their action on alternate theories of liability, i. e., negligence in installation of the boiler and breach of implied warranty of fitness. The court explained to the jury plaintiffs' alternate theories and the elements of each. The court's charge as to implied warranty, when the charge is considered in its entirety as required,[1] instructed the jury to the effect that plaintiffs were entitled to recover if the jury found that Sears breached an implied warranty by delivering the boiler without proper orifices and that such breach was the proximate cause of the fire; but that recovery on implied warranty would be defeated if the jury found that the installers were not agents of Sears, that the installers negligently installed the boiler without proper orifices, and that such negligence acted as an efficient intervening circumstance which proximately caused the fire.

■ Plaintiffs objected at trial to the court's conditioning recovery on breach of implied warranty upon any determination of the agency of the installers; plaintiffs claimed that they were entitled to recover on implied warranty regardless of whose agents the installers might be found to have been. The district court overruled plaintiffs' objection, and we agree. It seems clear that recovery on breach of implied warranty would properly have been defeated by a jury determination that the installers were not agents of Sears and that the installers' negligence in installing the boiler proximately caused the fire. Such findings would have established that the installers' negligence was an efficient intervening circumstance which would have cut off any liability of Sears which it might otherwise have incurred on breach of implied warranty.

Plaintiffs' contention that the court erred in failing to instruct the jury to return a verdict for them on their theory of liability based upon breach of implied warranty appears to be, in effect, a claim that they were entitled to a directed verdict. Such a claim is meritless in the face of so many evidentiary conflicts. Several of the unresolved factual questions were directly pertinent to plaintiffs' asserted implied warranty claim of liability, such as: whether the fire started in the boiler or near the water heater; whether orifices were, in fact, missing from the boiler when it was delivered to the Bryant home and/or at the time of the fire's origin; whether the installers negligently installed the boiler without proper orifices, and, if so, did such negligence constitute an efficient intervening circumstance which proximately caused the fire, if the installers were found not to

1. Lewis v. Owen, 395 F.2d 537, 542 (10 Cir. 1968); Nolan v. Greene, 383 F.2d 814, 816 (6 Cir. 1967); Honea v. West Virginia Pulp and Paper Company, 380 F.2d 704, 709 (4 Cir. 1967).

have been agents of Sears? With vital factual issues presented for resolution, plaintiffs obviously were not entitled to a directed verdict.

This case was not without complications and presented several issues of fact which were submitted to the jury. Under proper instructions the jury resolved these issues in favor of Sears and against the plaintiffs. We find no reversible error.

Affirmed.