UNITED STATES of America

v.

Gerald L. FLETCHER.

Crim. No. 7–72–NN.

United States District Court,
E. D. Virginia,
Newport News Division.

May 26, 1972.

Michael Rhine, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

John D. Gray (Carmel, Gray & Hogge), Hampton, Va., for defendant.

## OPINION AND ORDER

KELLAM, District Judge.

On December 5th, 1971, defendant was arrested by a security guard of the office of the Provost Marshal of Langley Air Force Base, Virginia, and charged with operating his motor vehicle on the base while under the influence of intoxicants. Title 18 U.S.C. § 13, Code of Virginia, Title 18.1-54. Upon a hearing before the United States Magistrate, he was found guilty of driving while intoxicated, and appealed to this Court.

I

On December 5th, 1971, at about 1935 hours, while on routine patrol at Langley Air Force Base, Virginia, Officer Niemetz observed defendant leave the Non-Commissioned Officers Club at a high rate of speed. The officer followed defendant's car, and observed it weave completely across the width of the highway, "weaving from one lane to the other—approximately three times, at three points." The officer turned on his red light and sounded his siren, but defendant failed to stop. Unsuccessful in this attempt to stop defendant, the officer pulled around defendant's car, and while abreast of him, gave another "wail of the siren," after which he was able to stop defendant. The officer asked to see defendant's driver's license and ID card. After some difficulty, defendant presented them. Defendant was asked to get out of the car. Defendant's speech was slurred, and "his walk was kind of weaving. He was kind of weaving when he was walking, like he couldn't seem to walk in a straight line and hold himself erect." Assistance arrived and defendant was carried to the Langley Provost Office. Upon arrival, and learning why defendant had been stopped, Sergeant Randall, the sergeant on duty, at about 2020 hours performed a sobriety examination. Sergeant Randall affirmed that defendant "was staggering heavily, his clothing was deranged, his eyes were bloodshot, his speech was slurred and incoherent, and he had a strong odor of alcohol on his breath . . ." "On two or three occasions, [he] used profanity towards *myself* [the sergeant] and towards Sgt. N*ei*metz." He accused the two officers "of trying to railroad him." After being fully advised of his rights, defendant told the officers he had been to the Non-Commissioned Officers Club where he had "consumed three or four beers" over a period of some two and a half hours. Officer Randall continued in his testimony—"we asked Fletcher to take, to submit to a blood alcohol examina-

tion." He stated that Fletcher agreed to a test, but upon being transported to the hospital, where the blood was to be drawn for the test, he refused to permit the withdrawal of blood and was transported back to LPO, where he was detained until he was released to his First Sergeant.[1] He was not charged with failing to submit to a blood test to determine the alcohol in his blood.

## II

In a brief filed herein by counsel for defendant it is asserted that the questions at issue are (a) insufficiency of the evidence to establish the guilt of defendant for a violation of 18.1–54, (b) defendant was not advised of his right to a breath test, and not given one, (c) defendant requested a blood test, which was not given, and (d) denied equal protection of the law because other members of the Armed Forces at Langley Air Force Base are not carried before Magistrate, but are given a hearing by their Commanding Officer.

### (a)

■ On appeal, the record consists of the original papers—the citation and exhibits, together with a transcript of the tape (recording) of the proceedings and a certified copy of the docket entries. Defendant is not entitled to a trial *de novo*, but the scope of appeal is the same as an appeal from a judgment of a district court to the court of appeals. Rules of Procedure for the Trial of Minor Offenses before United States Magistrates, Rule 8(b) and (d). Hence the issue here is whether the finding by the Magistrate is supported by adequate evidence.

■ The Magistrate having heard the evidence orally and found the defendant guilty, the evidence must be reviewed in the light most favorable to the United States. Glasser v. United States,

315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Sherman, 421 F.2d 198 (4th Cir. 1970). The district court on such an appeal does not determine whether the evidence convinces it of defendant's guilt beyond a reasonable doubt, but only that the evidence would permit the trier of the facts to find the defendant guilty beyond a reasonable doubt. United States v. Sherman, *supra*; United States v. Ragland, 306 F.2d 732 (4th Cir.), cert. denied 371 U.S. 949, 83 S.Ct. 504, 9 L.Ed.2d 498. Again, the test of the sufficiency of the evidence in a criminal case like this is "whether there is substantial evidence which, taken in the light most favorable to the United States, tends to show that the defendant is guilty beyond a reasonable doubt." United States v. Quarles, 387 F.2d 551 (4th Cir. 1967). Tested by these principles, the evidence is amply sufficient to sustain the finding of guilt.

■ In the brief filed herein, defendant asserts that no one at the scene testified there was "an odor of alcohol on or about" defendant. Officer Randall saw defendant at the scene, and at LPO some 35 minutes later and said "he had a very strong odor of alcohol on his person." Defendant was in custody from time of his arrest until Sgt. Randall observed this odor of alcohol at LPO. If it existed at LPO, it must have existed at the scene, for there is no evidence he had anything to drink in the interim. But, even if it be conceded this is not true, the observation of it within 35 minutes of the arrest is sufficient to meet the test. Likewise, defendant admits drinking at least three beers. Secondly, the record shows the arresting officer was asked by the Court as to whether he observed the odor of alcohol on defendant at time of his arrest, and counsel for defendant objected to the question.

■ Defendant's counsel also asserts in his brief that defendant re-

---

1. Defendant asserts Sgt. Randall was not present when defendant refused the blood test and that such statement is hearsay. The evidence is otherwise silent on any refusal to take the test. Defendant did not testify on this point. It is clear the test was offered.

quested a blood test, but was not granted one. Defendant offered no evidence relative to any request for a blood test. Officer Randall testified defendant was offered a blood test, agreed to have it, and when he arrived at the hospital where the blood was to be drawn, refused it. Defendant now says that evidence of refusal was hearsay, as Sgt. Randall was not at the hospital. However, no objection was made to this testimony when offered, nor was a motion later made to strike it from the record. Since the scope of this appeal is the same as an appeal from this court to the court of appeals, no error "may be predicated on the introduction of evidence unless objection thereto is specifically made" in the trial court. Bryant v. Sears, 435 F.2d 953 (4th Cir. 1970); Purer v. Aktiebolaget Addo, 410 F.2d 871, 876 (9th Cir. 1969), cert. denied 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84. Whenever hearsay "is admitted without objection, it is to be considered and given its natural probative effect as if it were in law admissible." Diaz v. United States, 223 U.S. 442, 450, 32 S.Ct. 250, 252, 56 L.Ed. 500; Rowland v. Boyle & St. Louis S.F.R.R. Co., 244 U.S. 106, 108, 37 S.Ct. 577, 61 L.Ed. 1022; Kansas City So. Ry. v. C. H. Albers Commission Co., 223 U.S. 573, 596, 32 S.Ct. 316, 56 L.Ed. 556; Opp Cotton Mills v. Admr., 312 U.S. 126, 155, 61 S.Ct. 524, 85 L.Ed. 624; NLRB v. Int. Union, etc., 413 F.2d 705 (9th Cir. 1969); MacCurdy v. United States, 246 F.2d 67 (5th Cir. 1957), cert. denied 355 U.S. 933, 78 S.Ct. 415, 2 L.Ed.2d 416.

■ But if it be conceded the evidence should not be considered, the contention is without merit.[2] It is uncontradicted that defendant was offered the test and agreed to take it. If the statute required the offer to be made, the offer was made. Since a refusal is not evidence, except in a trial for refusing to take the test, the defendant had the burden to go forward with the evidence to establish, if he could, a refusal to permit him to have the test. Counsel for defendant was advised that Officer Niemetz was present when defendant refused the test. He was not recalled and asked whether defendant did refuse the test.

### (b)

The record is silent on the issue of any analysis of defendant's breath to determine the alcoholic content of his blood. The question was not raised before the Magistrate, or in oral argument before this Court when the matter was heard. It was first raised in defendant's memorandum filed May 15, 1972. At oral argument, counsel was granted permission to file a memorandum of law on the issue of whether defendant was entitled to a blood test.

The Virginia Code, Title 18.1–54.1 provides that any person who is suspected of a violation of 18.1–54 "shall be entitled, if such equipment be available, to have his breath analyzed to determine the probable alcoholic content of his blood." The analysis may be made by any police officer of the State, county, city, town or any member of the sheriff's department of any county, in the normal discharge of his duties. Any person stopped by any such police officer who is suspected by such officer to be guilty of a violation of § 18.1–54 "shall have the right to refuse to permit his breath to be so analyzed, and his failure to permit such analysis shall not be evidence in any prosecution under § 18.1–54." Title 18.1–54.1 further provides that "The results of such breath analysis shall not be admitted into evidence in any prosecution under § 18.1–54," the purpose of the section being "to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of having violated the provisions of § 18.1–54."

■ There appear three answers to this issue now raised for the first time.

---

2. As is hereafter shown, there is no requirement in law that the defendant be offered a blood test to determine the alcoholic content of his blood.

First, it comes too late. Secondly, the right to a breath analysis exists "if such equipment be available." The evidence must show that such equipment was available to conduct the test. It would be a vain act to advise a person he was entitled to such a test if such equipment was available, and then tell him the equipment was not available. The right is conditioned on the availability of the equipment. Lastly, the test is procedural and not evidentiary, as the result is not admissible in evidence.

### (c)

Under the provisions of Title 18.1–55.-1, any person who operates a motor vehicle upon the highways in Virginia, is deemed to have consented to have a sample of his blood taken for a chemical analysis to determine the alcoholic content. If one is arrested for a violation of § 18.1–54, after being advised of the abovementioned provisions and that an unreasonable refusal to consent constitutes grounds for revocation of the privilege of operating a vehicle upon the highways of Virginia, the officer shall take the person before a Magistrate, who shall advise him of the same fact. If he refuses the test, he is to be charged with an offense for so refusing. Subsection (i) of 18.1–55.1 makes it clear than in a prosecution for violation of § 18.1–54, that any of the provisions of the blood test statute, § 18.1–55.1, "shall not otherwise limit the introduction of any relevant evidence bearing upon any question at issue before the court, and the court shall, regardless of the result of the blood test or tests, if any, consider such other relevant evidence of the condition of the accused as shall be admissible in evidence." The section further provides that a failure to take the test is not admissible in evidence. Subsection (s) of § 18.1–55.1 provides that the steps set forth in the section for the taking, etc. of the blood sample "are procedural in nature and not substantive" and that a failure to comply with any one or more of the steps or portions of the section "shall not of itself be grounds for finding the defendant not guilty," but go to the weight of the evidence.

It must be noted that § 18.1–55.1 has been changed several times and is a reenactment and amendment of a similar earlier statute.

■ The statute does not entitle one charged with a violation of § 18.1–54 to an automatic blood test. It merely provides that one who operates a vehicle over the highways of Virginia "shall be deemed thereby . . . to have consented to have a sample of his blood taken" for analysis, if he is charged with violating 18.1–54, and if charged, and after having been advised by the police officer that by operating his vehicle upon the highways of the State he is deemed to have consented to have a sample of his blood taken for analysis, an unreasonable refusal to do so constitutes grounds for revocation* of the privilege of operating a vehicle on the highways of the State. If he refuses, he is to be taken before a Magistrate, who will again advise him of the same, and if he refuses, no blood will be taken. He may then be charged with having refused the test and a warrant may be issued against him.

■ The rights of a defendant were clearly set forth in United States v. Gholson, 319 F.Supp. 499, (E.D.Va. 1970). Defendant says that the above case is contrary to Kay v. United States, 255 F.2d 476 (4th Cir. 1958). I read the case differently. The *Kay case* did not deal with the issue here before the Court. It must be kept in mind that the Virginia statute considered by the Court in the *Kay case* was quite different from the statute considered in the *Gholson case* and in the case at bar. The statute in force at the time of the arrest of defendant did not require the police officer to advise defendant of his right to a blood test, but even if it did, the

statute provides such action is procedural and not substantive, and a failure to comply does not entitle defendant to a finding of not guilty.

### (d)

 The contention defendant has been denied equal protection under the law because other members of the Armed Forces at Langley who are taken into custody for operating a motor vehicle while under the influence of intoxicants are carried before their Commanding Officer rather than charged under the statute and carried before the Magistrate is without merit. It is not supported by the evidence, but if the evidence did support the contention, it would not entitle defendant to relief. The statute sets out the procedure to be followed. The mere fact the police authorities did not follow the statute in other cases would not entitle defendant to relief. The mere fact the Court may erroneously acquit one of a charge does not in and of itself entitle another person to an acquittal for that reason. The police do not arrest all violators of the law, but the fact that one escapes arrest does not entitle one properly arrested to be released.

### III

 The Magistrate found defendant guilty of operating his motor vehicle while under the influence of intoxicants and fixed his punishment at confinement in jail for ten days, a fine of $200.00, and a suspension of his driver's license for the period of one year. The Magistrate's finding of guilt is accordingly affirmed. The fixing of punishment of ten days in jail is less than the minimum authorized by statute. The sentence is therefore set aside, and the case remanded to the Magistrate for resentencing. The defendant will appear before the Magistrate at his office in Norfolk, Virginia, within ten days from this date for resentencing.