960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Stacy L. ADAMS, Defendant-Appellant.
 No. 91-5677.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 18, 1992
Decided: April 20, 1992
 
 J. Barry McCracken, COOK & McCRACKEN, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Kevin M. Comstock, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before RUSSELL, HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Stacy L. Adams appeals his convictions[1] for driving under the influence of an intoxicant and for driving while his license was suspended, as the result of an incident which occurred in April 1990 at Langley Air Force Base (Langley). On appeal, Adams claims that the evidence presented at his guilty plea hearing was insufficient to establish that the offense occurred on land under the special maritime and territorial jurisdiction of the United States and that the magistrate judge's failure to inquire into whether Adams was represented by counsel in either of the two proceedings which resulted in his prior DUI convictions invalidated his guilty plea. Because we find these arguments without merit, we affirm.
 
 
 2
 * On April 15, 1990, Senior Airman David R. Foscue of the United States Air Force (USAF) was working security at the main gate to Langley when Adams drove up. Foscue asked Adams to produce his drivers license. When Adams told Foscue he did not have his license with him, Foscue requested him to pull over. After running a license check, Foscue learned that Adams's license had been revoked. At that time, Adams was transported to the law enforcement desk to prepare the ticket and citation. While at the desk, one of the officers noticed that Adams smelled of alcohol. At that time, he was asked to consent to an Alco-sensor test, which was performed with Adams's consent. After that test was performed, Adams consented to take a breathalyzer test, which revealed his blood alcohol content (BAC) to be .18 percent-well in excess of the .10 percent needed to convict.
 
 
 3
 Adams was charged under the Assimilated Crimes Act (ACA), 18 U.S.C. § 13 (1988), with driving under the influence of alcohol and driving while his license was suspended. At Adams's plea hearing, the magistrate judge accepted Adams's guilty plea to the DUI offense but refused to accept Adams's guilty plea to count 2. After hearing Foscue's testimony and receiving Adams's driving record, the magistrate judge accepted Adams's plea to count 2. Adams was sentenced to six months in jail on the DUI count and one month consecutive on the driving after suspension count.
 
 
 4
 Adams's first argument is that the government failed to establish, for both offenses, that the offenses occurred on land that was under the special maritime and territorial jurisdiction of the United States. Although establishing territorial jurisdiction is an essential element of an offense charged under the ACA, see United States v. Sasnett, 925 F.2d 392, 395 (11th Cir. 1991), it need be shown only by a preponderance of the evidence. United States v. Bowers, 660 F.2d 527, 531 (5th Cir. Unit B 1981). Military bases are generally considered territory under the jurisdiction of the United States. Cf. United States v. Wilmer, 799 F.2d 495, 497 (9th Cir. 1986), cert. denied, 481 U.S. 1004 (1987); United States v. Fletcher, 344 F. Supp. 332 (E.D. Va. 1972) (Crime committed on Langley subject to prosecution under ACA). Because the government presented evidence to establish that Adams's crime was committed on Langley AFB territory, we reject this argument.
 
 
 5
 Adams also argues that the magistrate judge's failure to inquire whether Adams was represented by counsel[2] during either of the proceedings which resulted in the prior DUI convictions used to enhance his sentence invalidated his plea. By pleading guilty, a defendant admits all the elements of the criminal charge and waives all nonjurisdictional challenges to his conviction. Mack v. United States, 853 F.2d 585 (8th Cir. 1988); Hayle v. United States, 815 F.2d 879 (2d Cir. 1987). A valid guilty plea to being a habitual offender precludes a subsequent attack on the constitutionality of prior convictions supporting the habitual offender status. Johnson v. Puckett, 930 F.2d 445 (5th Cir. 1991). Therefore, because the plea colloquy reveals that Adams's plea was an informed and intelligent choice, and that the magistrate judge substantially complied with the requirements imposed by Fed. R. Crim. P. 11 (1988), we dismiss this claim as well.
 
 II
 
 6
 In conclusion, Adams's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Adams was convicted under the Assimilated Crimes Act (ACA) (18 U.S.C. § 13 (1988)) of driving under the influence (Va. Code Ann. § 46.2351) (Michie 1989) and of driving while his license was suspended (Va. Code Ann. § 46.2-301) (Michie 1989)
 
 
 [2]
 Adams does not affirmatively allege that he did not have the assistance of counsel during the proceedings which led to his prior DUI convictions